IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00591-LTB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

COLORADO BOULEVARD MOTORS, INC.,

Defendant.

**ORDER REGARDING DEFENDANT'S MOTION TO COMPEL PLAINTIFF EEOC TO RESPOND TO DEFENDANT'S FIRST SET OF INTERROGATORIES
(DOCKET NO. 37)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Defendant's Motion to Compel Plaintiff EEOC to Respond to Defendant's First Set of Interrogatories (docket no. 37). The court has reviewed the motion and response (docket nol. 45). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Defendant seeks an order from the court compelling Plaintiff ("EEOC") to respond fully to Defendant's interrogatories 9 through 12, inclusive, and all subparts and further seeks an award of attorney fees and costs for the subject motion. In support of this motion, Defendant argues that it has not exceeded the number of

2

interrogatories permitted under the Rule 16 Scheduling Order and further argues that the subparts (i.e., subsequent questions within a single interrogatory) are subsumed and related, and such subparts should not be counted as separate interrogatories under Fed. R. Civ. P. 33.  See Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 685 (D. Nev. 1997).

EEOC objects to a portion of Defendant's interrogatory number 9 and also objects to Plaintiff's interrogatories numbered 10 through 12, inclusive, on the grounds that such interrogatories exceed the number of interrogatories of twenty-five (25) as outlined in the Rule 16 Scheduling Order and as further outlined in Fed. R. Civ. P. 33(a).  In essence, the EEOC contends that each of the subparts of interrogatories that Defendant has served on the EEOC constitutes at least one interrogatory according to the standards of Fed. R. Civ. P. 33.  Williams v. Board of County Comm'rs, 192 F.R.D. 698, 701 (D. Kan. 2000) (quoting Advisory Committee Note, 146 F.R.D. 401, 675-76 (Fed. 1993)).

Here, the court finds that the subparts to the subject interrogatories in dispute are related to a common theme with the exceptions of subparts in interrogatories 6(d), 9(f), and 12(b), but even if this court were to count such subparts 6(d), 9(f), and 12(b) as separate interrogatories, that would place the number of interrogatories propounded by Defendant to fifteen (15).  Lastly, the court finds that to award attorney fees and costs under the circumstances surrounding this discovery dispute would be unjust under Fed. R. Civ. P. 37(a)(4)(A).

3

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion to Compel Plaintiff EEOC to Respond to Defendant's First Set of Interrogatories (docket no. 37) is **GRANTED IN PART AND DENIED IN PART**;

2. That the motion is **GRANTED** insofar as Plaintiff EEOC shall provide answers to Defendant's interrogatories 9 through 12, inclusive, on or before March 23, 2007; and,

3. That the motion is **DENIED** as to an award of attorney fees or costs.

Done this 13th day of March 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge