IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00591-LTB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

COLORADO BOULEVARD MOTORS, INC.,

Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE WATANABE'S MINUTE ORDER DATED MARCH 7, 2007 (DOCUMENT 48)**

ENTERED BY MAGISTRATE JUDGE MICHAEL J. WATANABE

This matter came on for hearing on April 3, 2007 on Defendant Colorado Boulevard Motors, Inc., d/b/a Mike Shaw Chevrolet, Inc.'s Motion for Reconsideration of Magistrate Judge Watanabe's Minute Order dated March 7, 2007 (document 44), as it relates to Defendant's Motion to Compel (document 35). The Court has considered the motion and oral argument. In addition, the Court has taken judicial notice of the Court's file and has considered applicable Federal Rules of Civil Procedure. The court now being fully informed makes the following findings of fact, conclusions of law and order.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Colorado Boulevard Motors, Inc., filed a Motion to Compel EEOC to Produce Documents which Substantiate the Information Contained in EEOC's First Supplemental Disclosures on February 13, 2007 (document 35). EEOC filed a Response to Defendant's Motion to Compel on March 5, 2007 (document 42).

2

Defendant's Reply to Plaintiff's Motion was not due until March 25, 2007. However, on March 7, 2007, Magistrate Judge Watanabe entered an Order Denying Defendant's Motion WITHOUT PREJUDICE, based on representations contained within EEOC's Response to Defendant's Motion to Compel (document 42).

As explained in Defendant's Motion for Reconsideration, Defendant sent Requests for Production of Documents seeking the records that were at issue in Defendant's Motion to Compel (document 35). Said Request for Production of Documents was sent to EEOC on January 23, 2007.

Thus the argument raised in EEOC's Response to Defendant's Motion to Compel EEOC to Produce Documents which Substantiate the Information Contained in EEOC's First Supplemental Disclosures is contrary to the facts of the discovery in this case, and was a blatant misrepresentation to the Court. Because of the misrepresentation made by EEOC, the Court incorrectly denied Defendant's Motion to Compel.

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law, this Court ORDERS:

(1) That Defendant's Motion for Reconsideration of Magistrate Judge Watanabe's Minute Order dated March 7, 2007 (document 44), as it relates to Defendant's Motion to Compel, is GRANTED.

(2) That EEOC shall produce copies of all records which substantiate the representations made in the EEOC's First Supplemental Disclosures, that each of the

3

women identified in its Supplemental Disclosures, have sought legal advice from EEOC or sought EEOC to proceed on their behalf and have requested to be considered members of the class on or before April 16, 2007.

(3) That such documents concerning Barbara Archer do not have to be produced under this Order.

(4) That Defendant is awarded reasonable and necessary attorney fees and costs for having to file this motion. The parties shall meet forthwith to see if the amount of attorney fees and costs can be stipulated. If the parties are able to stipulate to the amount of attorney fees and costs, then the parties shall file such stipulation with the Court. If the parties are unable to stipulate to the amount of attorney fees and costs, then the Defendant shall have up to and including April 20, 2007, to file its itemized affidavit for attorney fees and costs. The Plaintiff shall have until April 30, 2007, to file its response to Defendant's affidavit for attorney fees and costs. If a response is filed, then Defendant shall have up to and including May 10, 2007, to file any reply to Plaintiff's response.

Done this 5th day of April, 2007.

By the Court:

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge

Date: April 5, 2007